Joshua Seth ROMERO, Petitioner—
Appellant,

v.

Richard MORGAN, Respondent—
Appellee.

No. 05–35644.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 10, 2008.

Filed March 26, 2008.

Kany Levine, Esq., Kingston, WA, for
Petitioner–Appellant.

Alex A. Kostin, Esq., AGWA–Office of
the Washington Attorney General, Olympia, WA, for Respondent–Appellee.

Before: B. FLETCHER, PAEZ, and
N.R. SMITH, Circuit Judges.

MEMORANDUM *

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Joshua Seth Romero appeals from the district court's denial of his 28 U.S.C. § 2254 petition, challenging his jury-trial conviction for first degree manslaughter and first degree unlawful possession of a firearm. We granted a certificate of appealability as to three ineffective assistance of trial counsel claims. We have jurisdiction pursuant to 28 U.S.C. § 2253. We affirm.

We review *de novo* the district court's denial of a habeas corpus petition. *Tanner v. McDaniel*, 493 F.3d 1135, 1139 (9th Cir.2007). To obtain habeas relief, Romero must demonstrate that the Washington state court's decision [1] was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

Where the state court makes "mistakes in reasoning" or adopts "the wrong legal rule or framework," however, this court evaluates *de novo* petitioner's constitutional claims in an inquiry that is not limited to the reasoning of the state court. *Frantz v. Hazey*, 513 F.3d 1002, 1012, 1016 (9th Cir. 2008) (en banc). Accordingly, we ask with respect to each of Romero's claims whether the state court properly applied the prejudice prong from *Strickland v. Washington* such that our review should be *de novo*. *See* 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (holding that a petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different"); *see also Jackson v. Calderon*, 211 F.3d 1148, 1155 n. 3 (9th Cir.2000) (citing *Strickland* for the proposition that we "need not decide whether counsel's performance was

deficient when the claim of ineffectiveness may be rejected for lack of prejudice").

■ With respect to Romero's claim that his trial counsel's failure to present a diminished capacity defense constituted ineffective assistance of counsel, the Commissioner correctly applied the standard set forth in *Strickland*. Romero's testimony regarding his actions immediately before and after the shooting suggests that he understood that his actions were reckless and that he was concocting an elaborate alibi. Accordingly, habeas corpus relief is not warranted on this claim.

■ As to Romero's counsel's use of an excusable homicide defense, the Commissioner's decision was "contrary to" Supreme Court precedent because the Commissioner utilized Washington's "actual and substantial prejudice" standard rather than the standard under *Strickland*. *Frantz*, 513 F.3d at 1012; *Barker v. Fleming*, 423 F.3d 1085, 1095 n. 5 (9th Cir.2005) (noting the conflict between Washington's "actual and substantial prejudice" standard and other federal prejudice standards). We apply *de novo* review, but conclude that Romero cannot demonstrate a reasonable possibility that the outcome of his trial would have been different if counsel had not submitted a jury instruction setting forth the statutory defense of excusable homicide and also stipulated to facts making the defense legally impossible. *See Strickland*, 466 U.S. at 694, 104 S.Ct. 2052. The evidence against Romero was substantial. Additionally, the excusable homicide jury instruction indicated that excusable homicide was a defense to the charge of second degree murder and both charges of manslaughter. Romero suffered no prejudice because the jury acquit-

---

1. In conducting our review, we look to the last reasoned state-court decision. *See Gautt v. Lewis*, 489 F.3d 993, 1002 (9th Cir.2007). In this case, that decision was rendered by the Commissioner of the Washington Supreme Court because the Washington Supreme Court summarily denied Romero's Motion to Modify the Commissioner's ruling.

ted him of second degree murder, demonstrating that it did not mistakenly believe that it must convict Romero of the most serious charge against him if it rejected the excusable homicide defense.

■ Likewise, the Commissioner's decision regarding trial counsel's failure to interview the state's expert witness was also "contrary to" Supreme Court precedent because the Commissioner applied an incorrect legal standard. *See Frantz*, 513 F.3d at 1012; *Barker*, 423 F.3d at 1095 n. 5. Even applying *de novo* review, however, Romero cannot show that there is a reasonable probability that the outcome would have been different if trial counsel had interviewed the state's pathologist prior to trial. *See Strickland*, 466 U.S. at 694, 104 S.Ct. 2052. During his testimony, the state's pathologist clarified that his characterization of Russian roulette was not a legal definition and might not even extend to other pathologists. Additionally, even assuming that the pathologist's testimony made the version of events in Romero's videotaped interview more likely, Romero expressly refuted his videotaped statement at trial. As a result, Romero cannot demonstrate prejudice.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.